UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO SHERMAN,

Plaintiff,

v.

UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF EDUCATION,

Defendants.
_______________________________ /

No. 15-13837

District Judge David M. Lawson
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On October 30, 2015, Plaintiff Ricardo Sherman filed a *pro se* civil complaint under the Federal Tort Claims Act ("FTCA"), arising out of his treatment at the Detroit Community Health Connection, Inc., a federally funded community health center. He also brings a claim against the United States Department of Education ("DOE"), claiming that under Michigan law, the DOE is time-barred from bringing a collection action on his student loans. Before the Court is Defendants' Motion for Summary Judgment [Doc. #12], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

## I. FACTS

### A. FTCA Claim

Plaintiff brought his claims against DCHC personnel Dr. Aneela Yaqoob and Nurse Gwen Lee in a previous lawsuit in this court, E.D. Mich. Docket No. 13-12803. The facts underlying both that case and the present case are set forth in Judge Lawson's

Opinion and Order Denying Plaintiff's Motion to Reinstate Case, published at *Sherman v. United States*, 48 F.Supp.3d 1019 (E.D. Mich. 2014). In a nutshell, Plaintiff claims that Dr. Yaqoob and Nurse Lee were negligent in their medical care. More specifically, he claims that these Dr. Yaqoob refused to write prescriptions for medication refills, and tried to convert him to Islam. He claims that Nurse Lee refused to fax proper paperwork to a mail-order prescription service. *Id*. at 1021-22. In the previous case, the parties stipulated to a dismissal without prejudice, but Plaintiff subsequently filed a motion to reinstate. The Court denied the motion because Plaintiff had not exhausted his administrative remedies before filing suit. "Because the plaintiff did not present his administrative claim with 'the appropriate [f]ederal agency' before he commenced this lawsuit, this Court had no jurisdiction to adjudicate the complaint when it was filed. 28 U.S.C. § 2675(a)." *Id*. at 1024.

Plaintiff alleges that he has cured the error by having submitted two claims to the Department of Health and Human Services (the "appropriate federal agency) on July 25, 2014. In the present case, he brings the same FTCA claims against Yaqoob and Lee that he brought in the first case.

Plaintiff also claims a violation of the Rehabilitation Act based on DCHC not accepting his discharge application and escorting him out of the building, and on Dr. Yaqoob and Nurse Lee denying his medications.

**B. The Student Loan**

Plaintiff received federal student loans in 1984 and 1985. *Complaint* [Doc. #1], ¶¶ 9-10. In 2015, the DOE's Federal Student Aid Office informed him that he was ineligible for a disability discharge of the loan because he did not provide documentation to support his claim. *Id*., Pg. ID 15. The DOE further advised Plaintiff that it intended to

resume collection on the outstanding balance of the loans. *Id*. Pg. ID 16. Plaintiff claims that the DOE's attempt to collect is barred by Michigan's six-year statute of limitations for contract actions.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to

defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III. DISCUSSION

### A. FTCA

The FTCA requires a plaintiff to file an administrative claim with the appropriate federal agency "within two years after such claim accrues." Otherwise, the claim is "forever barred." 28 U.S.C. § 2401(b). In this case, Plaintiff filed his claims with the Department of Health and Human Service (the correct agency) on July 25, 2014, for a medical malpractice claim that accrued almost four years earlier, in 2010. In Plaintiff's previous case, the Court discussed his dilemma:

> Under federal law, a claimant must present his administrative claim "to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401. Sherman alleges that he submitted two claims to HHS in Detroit, Michigan on July 25, 2014. "[A] negligence or medical malpractice claim accrues within the meaning of § 2401(b) when a plaintiff knows of both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute negligence or medical malpractice." *Chomic v. United States*, 377 F.3d 607, 610 (6th Cir.2004). Sherman contends that his injury–"asthma attacks"–occurred on June 21, 2013. See Standard Form 95, dkt. # 18, at 13. But the events that Sherman relies upon to support his medical malpractice claim first occurred in October 2010, nearly four years before he mailed his claim form. Sherman concedes that Dr. Yaqoob began treating him "for the condition of C.O.P.D. on or about June 5, 2009." Mot. to Reinstate, dkt. # 18, at 6. His dissatisfaction with his treatment first emerged on November 1, 2010, when he wrote a letter to the Department of Homeland Security complaining that "Dr. Ya [q]oob is withholding my medication and refuses to refill vital breathing medication." Dkt. # 18, at 16. On November 5, 2010, Sherman wrote a letter to DCHC, stating "I have been without respiratory medication for over two weeks and going through an ordeal with Dr. Ya[q]oob to get my medicine ... I am not being treated for my medical condition properly ..." Dkt. # 18, at 21-23. In the letter, Sherman contends

> that his doctor prescribed "albuterol solution instead of inhaler spray." Although he returned to the doctor's office on multiple occasions, Sherman contends that the doctor never faxed the prescription to the pharmacy. As a result, Sherman argued that he suffered "severe and lasting injuries." Dkt. # 18 at 22. One might reasonably conclude that Sherman knew about the faulty medical care in 2010, and that his claim accrued then. His administrative claim, therefore, would be out of time if it were presented in July 2014." *Sherman v. United States*, 48 F.Supp.3d at 1024-25.

In his response to the present motion [Doc. #15], specifically the section titled "Statement of Facts," Plaintiff states that "[o]n November 5, 2010, [he] made a written complaint against Dr. Yagoob [sic] because she was withholding his medication from him by refusing to write prescription for his re-fills, along with her inappropriate religious conversations." He further states, "Plaintiff filed an amended administrative tort claim with the proper Department of Health & Human Services, the proper agency on or about November 4, 2014." Thus, Plaintiff concedes that he filed his administrative claim with the proper agency beyond the two-year statutory period.[1] In his Response to Defendant's Reply Brief [Doc. #18], Plaintiff now concedes that his administrative claim was untimely, arguing that the time for doing so should be "equitably tolled" because he "suffered from debilitating mental illness of depression during the filing period and was incapable of functioning normally." *Plaintiff's Sur-Reply* [Doc. #18], ¶ 5. He states, "Plaintiff mailed his tort claim on or about May 5, 2014, thus the tolling of claim should have started after May 5, 2014." *Id*. ¶ 6.

---

[1] Plaintiff also claims in his response that I have prejudged this motion, stating, "At a status conference hearing, Plaintiff heard Judge Whalen tell the attorney handling the case that, 'Sherman hasn't exhausted his administrative remedy.'" Plaintiff is incorrect. At the scheduling conference on July 7, 2016, at which both Plaintiff and counsel for Defendant were present, I asked for briefing on the issue of whether the FTCA claims were time-barred, but did not offer any opinion as to the merits of that issue. The issue was raised in the parties' Joint Proposed Discovery Plan [Doc. #10]. Plaintiff has apparently misunderstood what occurred at the conference.

In *United States v. Kwai Fun Wong*, 135 S.Ct. 1625 (2015), the Supreme Court held that a failure to file a timely administrative claim under the FTCA is not a jurisdictional bar to a subsequent civil action, but rather is subject to the doctrine of equitable tolling. Nevertheless, Plaintiff's plea for equitable tolling in this case fails for three reasons.

First, Plaintiff has not sought or obtained leave to file a sur-reply. The Court Rules allow only for a motion, a response, and, optionally, a reply brief–in this case, Defendants' reply brief. *See* E.D. Mich. L.R. 7.1(a)-(d). The reply brief is the last pleading filed, and an opposing party has no right to file additional pleadings. Plaintiff's sur-reply is not properly before the Court.

Secondly, even apart from the fact that he did not seek leave of the Court to file a sur-reply, Plaintiff has raised the issue of equitable tolling for the first time in that filing, leaving the Defendants no opportunity to respond. This constitutes a waiver of the issue. In *United States v. Jerkins*, 871 F.2d 598, 601 (6th Cir. 1989), the Sixth Circuit declined to address an issue not raised in the original brief, stating:

> "'It is impermissible to mention an issue for the first time in a reply brief because the appellee then has no opportunity to respond.' *Knighten v. Commissioner,* 702 F.2d 59, 60 n. 1 (5th Cir.), *cert. denied,* 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983). '[C]ourt decisions have made it clear that the appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief.' 16 C. Wright, A. Miller, E. Cooper, & E. Grossman, *Federal Practice and Procedure* § 3974 at 428 (1977). Accordingly, we will not address this issue."

In *Hunt v. Big Lots Stores, Inc.,* 244 F.R.D. 394, 397 (N.D.Ohio,2007), the court, quoting *Irwin Seating Co. v. International Business Machines Corp.,* 2007 WL 518866, *2 (W.D.Mich.), noted long-standing precedent in the Sixth Circuit regarding waiver of issues raised for the first time in reply briefs:

> "[T]he Sixth Circuit repeatedly has recognized that arguments raised for the first time in a party's reply brief are waived. *See United States v. Lopez-Medina,* 461 F.3d 724, 743 (6th Cir.2006) (citing *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir.1997) (deeming arguments that are not raised in the appellant's main brief, or raised merely in a perfunctory manner, as waived)); *see also Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.,* 436 F.3d 662, 676 (6th Cir.2006) (a district court properly declines to consider an issue raised for the first time in a reply brief) (citing, *Sundberg v. Keller Ladder,* 189 F.Supp.2d 671, 682-83 (E.D.Mich.2002) (noting, in the context of summary judgment, "it is not the office of a reply brief to raise issues for the first time") (citation omitted))."

*See also United States v. Redcorn*, 528 F.3d 727, 738, fn. 4 (8th Cir. 2008) (issues not raised in the opening brief are deemed waived); *Caldwell v. Jones*, 513 F.Supp.2d 1000, 1012 (N.D. Ind. 2007) (argument raised for first time in reply brief is waived); *EEOC v. Caterpillar, Inc.*, 503 F.Supp.2d 995, 1007 (N.D. Ill. 2007), citing *United States v. Adamson*, 441 F.3d 513, 521 (7th Cir. 2006) ("arguments raised for first time in reply brief are waived").

Thus, the additional issues raised for the first time in Defendant's reply brief are not properly before this Court.

Third, the Plaintiff's argument for equitable tolling fails on the merits. Plaintiff has the burden of showing an entitlement to equitable tolling. *McClendon v. Sherman*, 328 F.3d 490, 494 (6th Cir.2003); *see also King v. Bell*, 378 F.3d 550, 553 (6th Cir.2004) (noting that the plaintiff "bears the burden to provide all the evidence to show that equitable tolling is warranted"). "[F]ederal courts sparingly bestow equitable tolling." *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir.2000). In determining whether to grant equitable tolling, the Court considers the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's

reasonableness in remaining ignorant of the legal requirement for filing his claim." *Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 437 (6th Cir. 2007).

Plaintiff claims an entitlement to equitable tolling through May 5, 2014, arguing that he suffered from "debilitating mental illness of depression during the filing period and was incapable of functioning normally." *Sur-Reply* ¶ 5. However, Plaintiff has offered nothing but his conclusory statements that he suffered from a clinical depression. And despite this "debilitating" condition, he if fact pursued an administrative remedy in the previous case, although he filed his complaint in the wrong federal agency, and he was able to file and aggressively litigate the previous federal lawsuit *pro se* well before May 5, 2014. Indeed, he expressed the basis for his claim as early as November, 2010, when he wrote his letter to the Department of Homeland Security. Given his layman's acumen (however misplaced) in pursuing the case, he cannot and has not plausibly shown that he lacked either actual or constructive notice of the filing requirements, or that he was reasonable in remaining ignorant of those requirements. Moreover, given that the events giving rise to the present complaint occurred many years ago, Defendants will be prejudiced if equitable tolling is granted.

The Plaintiff's FTCA claims are clearly time-barred, and should be dismissed.

**B. The Student Loan**

Plaintiff claims that the DOE is time-barred from collecting his federal student loans from 1984 and 1985, based on the six-year Michigan statute of limitations for breach of contract claims. M.C.L. § 600.5807(8). He is wrong. Collection of debts owed to the Department of Education for student loans is governed by federal law, not Michigan law. 20 U.S.C. § 1091a(a)(2) provides that "[n]otwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate

the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken...." In addition to there being no limitation period for federally guaranteed student loans, the DOE may collect a debt via the Treasury Offset Program, whereby the debt may be offset by other funds that the federal government owes the debtor, including Social Security benefits. *See Lockhart v. United States*, 546 U.S. 142 (2005)(United States may offset Social Security benefits to collect student loan debt); *McQueen v. Comm'r of IRS*, 2015 WL 6384686, at *2 (S.D. Ohio 2015)("With respect to student loans, if a borrower defaults on a student loan, the Department of Education ("DOE") may pursue collection of that debt through the TOP under 31 U.S.C. § 3716 et seq.").

**C. The Rehabilitation Act**

Plaintiff claims that he was discriminated against on the basis of his disability because DCHC did not provide him with documentation for his loan discharge application with the DOE, and because he was escorted from the premises by security officers. Defendants' argument for summary judgment on the Rehabilitation Act claim is premised on the complete absence of any evidence to support that claim. See *Brief in Support of Motion* [Doc. #12], fn. 5. The Defendants also proffer that "[t]he application shows that the physicians were not required to complete his discharge application because Sherman claimed he had a SSA Notice of Award." *Id*.

In his response [Doc. #15], Plaintiff has produced no evidence and no argument to support a disability discrimination claim. In fact, he does not even discuss the Rehabilitation Act in his response. It bears repeating that the Plaintiff may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the summary judgment motion.

*Street v. J.C. Bradford & Co.*, 886 F.2d at 1479. The Plaintiff must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). Plaintiff has failed to offer anything besides speculation. His Rehabilitation Act claim must therefore be dismissed.

## IV. CONCLUSION

I recommend that Defendants' Motion for Summary Judgment [Doc. #12] be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 7, 2017

s/R. Steven Whalen
R. STEVEN WHALEN
U.S. MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify on August 7, 2017 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants August 7, 2017.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen